UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHARMERICA CHICAGO, INC. a Delaware Corporation, <br><br> PLAINTIFF, <br><br> v. <br><br> WEST SUBURBAN CARE CENTER, LLC F/K/A BLOOMINGDALE TERRACE II, LLC, an Illinois Limited Liability Company, <br><br> Serve: Abraham J. Stern <br> Registered Agent <br> 10 S. Wacker Dr., 40th Floor <br> Chicago, IL 60606 <br><br> DEFENDANT. | FILED: JULY 2, 2008 <br> 08CV3775 <br> JUDGE GUZMAN <br> MAGISTRATE JUDGE COLE <br><br> PH <br> CASE NO.: _____ |

## COMPLAINT

PharMerica Chicago, Inc. states the following for its Complaint against West Suburban Care Center, LLC:

### THE PARTIES

1.    Plaintiff PharMerica Chicago, Inc., f/k/a KPS Chicago, Inc. ("PharMerica") is a Delaware corporation with its principal place of business in Louisville, Kentucky.  PharMerica is registered to do business in Illinois, and provides pharmaceuticals and pharmaceutical management and consulting services to its customers.

2.    Defendant West Suburban Care Center, LLC f/k/a Bloomingdale Terrace II, LLC ("Suburban") is an Illinois limited liability company that maintains its principal place of business in Bloomingdale, Illinois.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1332(a)(1) as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over the defendant because it is a resident and domiciliary of Illinois, the acts complained of in this Complaint occurred in Illinois, the defendant entered contracts with PharMerica's predecessor-in-interest in Illinois, and it regularly conducts business in this judicial district.

5. Venue is proper in this Court because the defendant resides in and conducts business in this judicial district, and the events giving rise to the Complaint occurred in this district.

**STATEMENT OF FACTS**

6. Rxperts Pharmacy ("Rxperts") entered a Pharmacy Services Agreement ( the "Agreement") on or about January 1, 2004, whereby Rxperts agreed to provide pharmaceutical services to Bloomingdale Pavilion ("Bloomingdale") in exchange for certain agreed upon amounts.

7. On or about September 13, 2005, PharMerica entered an Asset Purchase Agreement with Rxperts, whereby PharMerica obtained all of Rxperts' assets, including the Bloomingdale Agreement. The Agreement was properly assigned from Rxperts to PharMerica.

8. The Agreement and all rights and claims belonging to KPS thereunder properly vested in PharMerica.

9. Upon information and belief, Suburban purchased the operations of Bloomingdale in May 2006 and, is liable for all obligations pursuant to the Bloomingdale Agreement.

10. PharMerica performed its obligations pursuant to the Agreements, submitted monthly invoices to the defendant and otherwise satisfied all conditions precedent to payment.

11. Upon information and belief, the defendant has been reimbursed by Medicare for all or a significant portion of the services provided by PharMerica, and they have directly or indirectly benefited from such reimbursements.

12. Suburban breached its respective obligations to PharMerica pursuant to the Agreement and failed to make payments due to PharMerica.

13. Suburban owes PharMerica $207,935.94 for pharmaceutical services provided by PharMerica and interest at the rate of 1.5% per month.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

14. PharMerica incorporates all of the allegations previously set forth in this Complaint by reference.

15. Without legal justification or excuse, Suburban breached its obligations to PharMerica pursuant to the Agreement and failed to make payments due to PharMerica.

16. As a direct and proximate result of the defendant's breach contract, PharMerica suffered contractual damages and is entitled to recover said damages and interest on all unpaid amounts at the rate of 1.5% interest per month.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

17. PharMerica incorporates all of the allegations previously set forth in this Complaint by reference.

18. PharMerica provided pharmaceuticals and services to the defendant, and PharMerica has not been paid for these pharmaceuticals or services.

19. The defendant has been unjustly enriched through the receipt of the pharmaceuticals and services at PharMerica's expense.

20. PharMerica is entitled to recover from defendant to the extent the defendant has been unjustly enriched.

### THIRD CLAIM FOR RELIEF
### ACCOUNT STATED

21. PharMerica incorporates all of the allegations previously set forth in this Complaint by reference.

22. Pursuant to its contracts, the defendant agreed to pay PharMerica for pharmaceuticals and services provided by PharMerica.

23. PharMerica delivered invoices and statements of account balances for services and pharmaceuticals provided by PharMerica to the defendant.

24. The defendant, without timely justification, excuse or dispute of the invoices, has not paid PharMerica any part of these amounts.

25. PharMerica is entitled to recover from defendant for the outstanding account balance.

### FOURTH CLAIM FOR RELIEF
### CONSTRUCTIVE TRUST

26. PharMerica incorporates all of the allegations previously set forth in this Complaint by reference.

27. PharMerica's services were rendered under circumstances pursuant to which the defendant reasonably should have expected that PharMerica expected to be compensated.

28. The defendant knowingly and willingly received, or will receive, reimbursement by Medicare for services provided by PharMerica, and they have wrongfully and intentionally withheld or will withhold such amounts from PharMerica.

29. The defendant has, and continues to have, a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to PharMerica if they have not timely paid invoices as required by the Agreement.

30. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by the defendant as reimbursement by Medicare for pharmaceuticals and pharmaceutical management and consulting services provided by PharMerica, plus interest, costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PharMerica requests judgment as follows:

A. An award of all of its damages, including compensatory, consequential, incidental and special damages, punitive damages, contractual interest, prejudgment and post judgment interest;

B. The imposition of a constructive trust on sums received by the defendant as Medicare reimbursement for pharmaceuticals and pharmaceutical management and consulting services provided by PharMerica and not paid for by defendant;

C. An award of its costs, fees and disbursements and reasonable attorney fees; and

D. Any other relief to which PharMerica may be entitled.

        Respectfully Submitted,

        BATES AND CAREY, LLP


Dated: July 2, 2008

/s/ Mark G. Sheridan
Mark G. Sheridan
Katherine L. Hartley
191 North Wacker Drive
Suite 2400
Chicago, Illinois 60606
(312) 762-3100
(312) 762-3200
msheridan@batescarey.com
khartley@batescarey.com

and

Of Counsel:

FULTZ MADDOX HOVIOUS & DICKENS PLC
Benjamin C. Fultz
Phillip A. Martin
Chacey R. Ford
2700 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3116
(502) 588-2000
(502) 588-2020 (facsimile)
bfultz@fmhd.com
pmartin@fmhd.com
cford@fmhd.com

259803